UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:12-cr-79-T-23TBM
                                        8:13-cv-3086-T-23CPT

JERMAINE WINTERS
_____/

## ORDER

Sentenced to 180 months' imprisonment as an armed career criminal, Jermaine Winters moves (Doc. 1) under 28 U.S.C. § 2255 to vacate his sentence. Because Winters's claims are procedurally defaulted and untimely, the motion to vacate is denied.

### Background

On December 27, 2011, Tampa police officers stopped Winters for driving with an expired tag. Winters fled on foot and entered a nearby house. Winters later surrendered and spontaneously declared, "I have a gun in the car." An officer found a loaded semi-automatic handgun on the front driver-side seat.

At the time of his arrest, Winters possessed one felony conviction for attempted robbery in violation of Section 812.13, Florida Statutes, and two felony convictions for delivery and possession of cocaine in violation of Section 893.13, Florida Statutes. On February 23, 2012, a grand jury returned a one-count

indictment charging Winters with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e).

Winters pleaded guilty without a written plea agreement. At sentencing, Winters offered no objection to the pre-sentence investigation report. Winters was sentenced to 180 months' imprisonment, the mandatory minimum sentence under the Armed Career Criminal Act. Winters filed no direct appeal.

On December 6, 2013, Winters moved (Doc. 1) under 28 U.S.C. § 2255 to vacate his sentence and asserted three claims for ineffective assistance of counsel and one substantive claim under the Tenth Amendment. The government responds. (Doc. 12)

On June 13, 2014, Winters moved (Doc. 8) to amend the motion and to raise supplemental claims under *Descamps v. United States*, 570 U.S. 254 (2013) and *United States v. Castleman*, 134 S. Ct. 1405 (2014). A July 25, 2014 order (Doc. 9) grants the motion to amend, and the government responds (Doc. 13).

**Initial claims**

The government argues that Winters's initial claims are procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A defendant can avoid a default (1) by showing cause for not raising the claim on direct appeal and actual prejudice

arising from the alleged error or (2) by demonstrating that he is actually innocent. *Lynn*, 365 F.3d at 1225.

Winters's Tenth Amendment claim is procedurally defaulted. Winters contends that the statute under which he was convicted, 18 U.S.C. § 922(g)(1), violates the Tenth Amendment because Winters "locally would have faced [substantially] lower penalties than the present [federal] penalties he is now suffering." (Doc. 1 at 8) Winters failed to raise the Tenth Amendment argument on direct appeal, and Winters identifies no exception to the procedural default rule.[1]

No procedural default bars Winters's ineffective assistance claims. *Massaro v. United States*, 538 U.S. 500, 509 (2003) ("failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Nonetheless, Winters's claims possess no arguable merit.

Winters alleges that counsel rendered ineffective assistance by failing to investigate Winters's earlier state court felony convictions. For instance, with respect to the conviction for attempted robbery, Winters asserts that his counsel failed to interview the victim of the attempted robbery. Winters argues that a thorough investigation would have revealed that he was guilty of mere "shoplifting"

---

[1] Also, the Tenth Amendment claim is meritless. *See United States v. Gibson*, 615 F. App'x 619, 620 (11th Cir. 2015) (holding that 18 U.S.C. § 922(g)(1) is a valid exercise of Congress's Commerce Clause power and depends on the exercise of no power reserved to the states or the people by the Tenth Amendment).

and that counsel unreasonably failed to object to the incorrect facts in the pre-sentence investigation report.[2]

The Armed Career Criminal Act (ACCA) imposes a fifteen-year mandatory minimum sentence if a defendant is (1) convicted of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g) and (2) the defendant possesses "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1); *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017). If a sentence is imposed under the ACCA, a defendant enjoys no right in the same action to collaterally attack the predicate felony convictions, *Custis v. United States*, 511 U.S. 485, 487 (1994), nor can a defendant challenge the predicate felony convictions through a motion to vacate under 28 U.S.C. § 2255. *Daniels v. United States*, 532 U.S. 374, 382 (2001). An exception exists only when the earlier conviction is obtained in violation of the right to counsel under *Gideon v. Wainright*. *McCarthy v. United States*, 320 F.3d 1230, 1232–33 (11th Cir. 2003).

Winters does not dispute that his criminal history includes three felony convictions, and Winters raises no claim of deprivation of the right to counsel.

---

[2] Winters further asserts that counsel's performance violated both the Fourth Amendment and the Fifth Amendment, but he identifies no specific facts to support those claims. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a petitioner is not entitled to an evidentiary hearing "when his claims are merely conclusory allegations unsupported by specifics") (internal quotation marks omitted).

Accordingly, Winters fails to demonstrate that counsel acted unreasonably by declining to investigate or to challenge the earlier convictions. *Cook v. Warden, Ga. Diagnostic Prison*, 677 F.3d 1133, 1139 (11th Cir. 2012) (holding that counsel was not ineffective by failing to introduce irrelevant evidence).

### Supplemental claims

Relying on *Descamps v. United States*, 570 U.S. 254 (2013) and *United States v. Castleman*, 134 S. Ct. 1405 (2014), Winters attempts in his supplemental claims to disqualify his felony convictions as ACCA predicate offenses. The government persuasively argues that Winters's supplemental claims are untimely.

The Anti-Terrorism and Effective Death Penalty Act creates for a motion to vacate a one-year limitation, which runs from the latest of four specified dates. The applicable limitation runs from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or from the date the Supreme Court first recognizes a new right, 28 U.S.C. § 2244(f)(3).

Because Winters filed no direct appeal, his conviction was final in December, 2012, at the conclusion of the fourteen days for filing a notice of appeal. Fed. R. App. P. 4(b)(1)(A); *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The one-year limitation expired in December, 2013. Winters's supplemental claims, which were not filed until 2014, are thus untimely under 28 U.S.C. § 2255(f)(1).

For a Supreme Court decision to refresh the limitation under Section 2255(f)(3), the decision must both (1) recognize a new right and (2) retroactively

apply to cases on collateral review. *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017). *Descamps* recognizes no new right because the Supreme Court "merely clarified" existing precedent. *Beeman*, 871 F.3d at 1219 (quoting *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016)). Similarly, *Castleman* applies existing precedent and recognizes no new right. *Castleman*, 134 S. Ct. at 1410 (stating that *Johnson v. United States*, 559 U.S. 133 (2010) "resolves this case in the Government's favor").

As a result, Winters's claims are untimely unless the claims "relate back" to a claim raised in his initial motion to vacate. "[F]or an untimely § 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). The new claim must rise from the "same set of facts," not from separate conduct or a separate occurrence in "both time and type." *Davenport*, 217 F.3d at 1344.

In the supplemental claims, Winters alleges that the statutes underlying his earlier felony convictions fail to qualify as predicate offenses under the ACCA. In particular, Winters argues that Section 893.13(1)(a), Florida Statutes, lacks the requisite *mens rea* element and is not a "serious drug offense" within the meaning of the ACCA, 18 U.S.C. § 924(e)(2)(A)(ii). Winters asserts that Section 812.13, Florida

Statutes, is an overbroad, indivisible statute and is not a "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(i).

By contrast, Winters's initial claims raise no challenge under the ACCA. As explained above, Winters challenges his counsel's performance and asserts that 18 U.S.C. § 922(g)(1) unconstitutionally regulates local conduct. Winters's supplemental claims are therefore unrelated to the claims asserted in the original motion.

Even if timely, Winters's supplemental claims fail on the merits. Attempted robbery in violation of Section 812.13, Florida Statutes, is categorically a "violent felony" under the ACCA's elements clause. *United States v. Joyner*, No. 16-17285, ___ F.3d ___, 2018 WL 1015765, at *9 (11th Cir. Feb. 22, 2018) ("Based on our precedent, we conclude that Florida attempted robbery is categorically a violent felony under the ACCA."). Likewise, a drug offense in violation of Section 893.13(1)(a), Florida Statutes, qualifies as a "serious drug offense" under the ACCA. *Joyner*, 2018 WL 1015765, at *7 n.4 (citing *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014)).

### Conclusion

The motion to vacate (Doc. 1) is **DENIED**. Because Winters's claims are procedurally defaulted, untimely, and patently frivolous, Winters's request for an evidentiary hearing is **DENIED**. 28 U.S.C. § 2255(b); *Griffith v. United States*, 871

F.3d 1321, 1329 (11th Cir. 2017). The clerk is directed to enter a judgment against Winters and to **CLOSE** this case.

To merit a certificate of appealability, Winters must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Lambrix v. Sec'y, Fla. Dep't of Corrs.*, 851 F.3d 1158, 1169 (11th Cir. 2017). Because the motion to vacate is plainly procedurally defaulted and untimely, and because Winters fails to show that reasonable jurists would debate either the merits of the procedural issues or the merits of the claims, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Winters must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 9, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE